UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00048-RJC-DSC

| | |
|---|---|
| PARSEC VENTURES LP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| TGC SAVINGS, LLC, ) | |
| TYVOLA TRYON INVESTMENTS, LLC, and ) | |
| AFSHIN G. GHAZI, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Default Judgment against all Defendants and Defendant Afshin Ghazi's Motion to Set Aside Entry of Default Judgment. (DEs 6, 9).

I. BACKGROUND

On January 29, 2021, Plaintiff Parsec Ventures LP filed a Complaint for breach of contract against Defendants TGC Savings, LLC ("TGC"), Tyvola Tryon Investments, LLC ("Tyvola"), and Afshin G. Ghazi ("Ghazi") in regards to a 1.3 million dollar loan. (DE 1). Plaintiff filed affidavits indicating that all Defendants had been served via certified mail. Return receipts noted that the Complaint and Summons were delivered to TGC and Ghazi on February 2, 2021 and to Tyvola on February 11, 2021. (DE 3). Plaintiff then filed a Motion for Entry of Default on March 10, 2021, after Defendants failed to answer or respond to the Complaint. (DE 4). The Clerk of Court entered the default on March 11, 2021. (DE 5). Plaintiff then moved for default judgment on March 19, 2021 against all Defendants. (DE 6). No Defendant filed a response to Plaintiff's Motion for Default Judgment.

Forty-nine days after entry of default, Defendant Ghazi filed a Motion to Set Aside Entry

of Default. (DE 9). In support of his motion, Ghazi also filed an affidavit that he had been traveling during February, March, and April, internationally and domestically, and had a house sitter checking his mail during this time. (DE 8). In the affidavit, Ghazi further states that the house sitter did not have authority to sign for acceptance of mail and that Ghazi did not become aware of the Complaint and Summons until April 19, 2021 when he returned to Charlotte and went through his mail. (*Id.*). In the Motion to Set Aside Entry of Default and associated briefing, the Parties argue whether service of process was effected on Ghazi. To date, no other Defendant except for Ghazi has responded to the entry of default.

## II. STANDARD OF REVIEW

Rule 55(a) of the Federal Rules of Civil Procedure states that when a defendant fails to plead or otherwise defend his case "the clerk must enter the [defendant] party's default." FED. R. CIV. P. 55(a). After the clerk enters a default, the party may seek a default judgment under Rule 55(b), which "authorizes the entry of a default judgment when a defendant fails 'to plead or otherwise defend' in accordance with the Rules." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). Default judgments are generally disfavored in the Fourth Circuit. *See, e.g., Tazco, Inc. v. Dir., OWCP*, 895 F.2d 949, 950 (4th Cir. 1990).

Rule 55(c) further explains that "[t]he court may set aside entry of default for good cause." FED. R. CIV. P. 55(c). A district court has broad discretion in deciding whether to set aside a Clerk's entry of default. *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) (holding "[t]he disposition of motions made under Rules 55(c) and 60(b) is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."). Indeed, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on

2

Case 3:21-cv-00048-RJC-DSC   Document 13   Filed 01/03/22   Page 2 of 5

the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969).

**III.    DISCUSSION**

    **A.    Defendants TGC and Tyvola**

To date, Defendants TGC and Tyvola have yet to appear and cure their default or otherwise defend. Having reviewed the claims asserted in the Complaint, (DE 1), and the evidence submitted in connection with Plaintiff's Motion for Default Judgment, (DE 6), the Court finds that default judgment against these non-participating Defendants is appropriate.

    **B.    Defendant Ghazi**

Defendant Ghazi moves the Court to set aside entry of default pursuant to Rule 12(b)(6) and Rule 55. (DE 9 at 1). However, Ghazi presents no evidence of Plaintiff's failure to state a claim upon which relief can be granted. Moreover, Ghazi's requested relief is to set aside the entry of default, not to dismiss any claims. Accordingly, the Court will determine whether good cause exists under Rule 55 to set aside entry of default.

The Fourth Circuit noted several factors for district courts to consider in deciding whether to set aside default entries for good cause, including: (1) "whether the moving party has a meritorious defense," (2) "whether it acts with reasonable promptness," (3) "the personal responsibility of the defaulting party," (4) "the prejudice to the party," (5) "whether there is a history of dilatory action," and (6) "the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006). Of note, there is "a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *See, e.g.*, *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010) (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor*, 895 F.2d 949, 950 (4th Cir.1990)).

Here, Ghazi appeared via counsel and defended against the entry of default ten days after he learned of the Complaint and Summons. While it is unclear how much responsibility Ghazi bears as the Parties dispute whether service of process was properly effected on Ghazi, Ghazi filed his Motion to Set Aside Entry of Default forty-nine days after default. In similar cases, courts have found defaulting parties that seek to set aside entry of default to have acted with reasonable promptness. *See, e.g.*, *J & J Sports Prods., Inc. v. Casillas*, 2013 WL 784544, at *3 (M.D.N.C. Mar. 1, 2013) (finding defendant acted with reasonable promptness by filing a motion to set aside default within 38 days of default); *United States v. Stover*, No. 320-CV-00579-RJC-DCK, 2021 WL 3745034, at *1 (W.D.N.C. Aug. 24, 2021) (finding defendant acted with reasonable promptness by filing a motion to set aside default within 49 days of default). In terms of potential prejudice to Plaintiff and whether Ghazi has a history of dilatory action, the Court is unaware of any pertinent facts on these issues. And there are certainly sanctions available less drastic than default judgment that exist. The Court thus finds that good cause exists to set aside Defendant Ghazi's entry of default under Rule 55.

### IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Default Judgment, (DE 6), is **GRANTED in part** as to Defendants TGC and Tyvola and **DENIED in part** as to Defendant Ghazi. Defendants TGC and Tyvola are jointly and severally liable to Plaintiff for the following amounts:

    a. Principal in the amount of $1,605,385.12;

    b. All interest that accrues at a per diem rate of $569.86 until the judgment is entered;

    c. Court costs in the amount of $400.00; and

    d. All post-judgment interest that accrues on the judgment until it is paid in

full.

The Court **RESERVES RULING** on Plaintiff's requested attorneys' fees in the amount of $236,704.78. Plaintiff shall file an affidavit or other evidence of its reasonable attorneys' fees within fourteen days of the date of this Order.

2. Defendant Afshin Ghazi's Motion to Set Aside Entry of Default Judgment, (DE 9), is **GRANTED**.

**SO ORDERED.**

Signed: December 30, 2021

Robert J. Conrad, Jr.
United States District Judge