UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:21-cv-00048-RJC-DSC

| | |
|---|---|
| PARSEC VENTURES LP, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| TGC SAVINGS, LLC, | ) |
| TYVOLA TRYON INVESTMENTS, LLC, and | ) |
| AFSHIN G. GHAZI, | ) |
| Defendants. | ) |

**THIS MATTER** comes before the Court on Plaintiff's declaration in support of its request for attorneys' fees (Doc. No. 14), which the Court requested in its Order granting in part Plaintiff's motion for default judgment and reserved ruling on the issue of attorneys' fees. (Doc. No. 13).

### I. BACKGROUND

On January 29, 2021, Plaintiff Parsec Ventures LP filed a Complaint for breach of contract against Defendants TGC Savings, LLC ("TGC"), Tyvola Tryon Investments, LLC ("Tyvola"), and Afshin G. Ghazi ("Ghazi") in regards to a $1.3 million loan. (Doc. No. 1). After Defendants failed to respond to the Complaint, the Clerk of Court entered a default on March 11, 2021. (Doc. No. 5). Next, Plaintiff sought a default judgment against all Defendants. (Doc. No. 6). Defendant Ghazi filed a Motion to Set Aside Entry of Default, which the Court granted. (Doc. Nos. 9, 13). No other Defendant except for Ghazi responded to the entry of default or otherwise appeared in the case. Thereafter, the Court entered default judgment against Defendants TGC and Tyvola, jointly and severally, in the principal amount of $1,605,385.12, with interest accruing at a per diem rate of $569.86 until judgment is entered, costs in the amount of $400.00, and post-judgment interest. (Doc. No. 13). The Court ordered Plaintiff to file an affidavit or other evidence of its

reasonable attorneys' fees within fourteen days of the Order, and reserved ruling on Plaintiff's requested attorneys' fees in the amount of $236,704.78. (*Id.*). Plaintiff's attorney filed a declaration documenting attorneys' fees in the amount of $28,644. (Doc. No. 14).

## II. DISCUSSION

Courts may award attorneys' fees in a breach of contract action when (1) the contract provides for attorneys' fees, and (2) the attorneys' fees are authorized by statute. *WRI/Raleigh, L.P. v. Shaikh*, 644 S.E.2d 245, 257-58 (N.C. Ct. App. 2007).

Here, the Note provides for attorneys' fees as follows:

> If this Note is placed in the hands of an attorney for collection due to the occurrence and continuance of an Event of Default, or suit is brought on same, or the same is collected through any judicial proceeding whatsoever, or if any action or foreclosure be had hereon, then Maker agrees and promises to pay an additional amount consisting of all reasonable, calculated and documented attorneys' and collection fees incurred by Payee in connection with enforcing its rights herein contemplated, all of which amounts shall become part of the principal hereof.

(Doc. No. 1-2 at 2). Additionally, attorneys' fees are authorized by statute pursuant to N.C. Gen. Stat. § 6-21.2, which provides, in part:

> Obligations to pay attorneys' fees upon any note, conditional sale contract or other evidence of indebtedness, in addition to the legal rate of interest or finance charges specified therein, shall be valid and enforceable, and collectible as part of such debt, if such note, contract or other evidence of indebtedness be collected by or through an attorney at law after maturity, subject to the following provisions:
>
> (1) If such note, conditional sale contract or other evidence of indebtedness provides for attorneys' fees in some specific percentage of the "outstanding balance" as herein defined, such provision and obligation shall be valid and enforceable up to but not in excess of fifteen percent (15%) of said "outstanding balance" owing on said note, contract or other evidence of indebtedness.
>
> (2) If such note, conditional sale contract or other evidence of indebtedness provides for the payment of reasonable attorneys' fees by the debtor, without specifying any specific percentage, such provision shall be construed to mean fifteen percent (15%) of the "outstanding balance" owing on said note, contract or other evidence of indebtedness.

N.C. Gen. Stat. § 6-21.2. The statute requires written notice of the intent to enforce the attorneys' fees provision if the outstanding balance owing under the note or contract is not paid within five days of the mailing of the written notice. *Id.* Where a contract provision allows for reasonable attorneys' fees "actually incurred," subsection (1) of N.C. Gen. Stat. § 6-21.2 controls. *Mercedes-Benz Fin. Srvcs. USA LLC v. Jones*, No. 5:21-CV-00079-KDB-DCK, 2021 WL 3007186, at *1 (W.D.N.C. June 28, 2021). "[A] trial court may award attorneys' fees in the amount agreed upon by the parties in their borrowing agreement so long as the amount of the award is within the permissible limits of the statute." *Id.*

Plaintiff requests attorneys' fees under subsection (2) of N.C. Gen. Stat. § 6-21.2 in the amount of 15% of the outstanding balance of the Note, $236,704.78. However, the Note on which the default judgment was entered provides for "reasonable, calculated and documented attorneys' and collection fees incurred by Payee." (Doc. No. 1-2 at 2). Because the parties expressly limited the attorneys' fees to those "reasonable, calculated and documented attorneys' and collection fees incurred by Payee" the Court may award only those fees that have been reasonably calculated and documented. *Jones*, 2021 WL 3007186, at *1 (concluding where contract provided for reasonable fees "actually incurred" subsection (1) of N.C. Gen. Stat. § 6-21.2 applied and denying request for attorneys' fees because plaintiff failed to provide documentation or other proof of attorneys' fees actually incurred). Plaintiff presented the calculation and supporting documentation of attorneys' fees incurred in connection with enforcing the Note, in the amount of $28,644. (Doc. No. 14). Plaintiff also provided notice informing Defendants of its intent to enforce the Note's attorneys' fee provision. (Doc. No. 6-1 ¶ 6). Accordingly, Plaintiff is entitled to attorneys' fees against Defendants TGC and Tyvola in the amount of $28,644.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's request for attorneys' fees (Doc. No. 6) as to Defendants TGC and Tyvola is **GRANTED in part** and **DENIED in part**. Plaintiff is awarded attorneys' fees against Defendants TGC and Tyvola in the amount of $28,644. The Default Judgment Order (Doc. No. 13) is modified to include an amount for attorneys' fees as follows:

   Defendants TGC and Tyvola are jointly and severally liable to Plaintiff for the following amounts:

   a. Principal in the amount of $1,605,385.12;

   b. All interest that accrues at a per diem rate of $569.86 until judgment is entered;

   c. Court costs in the amount of $400.00;

   d. Attorneys' fees in the amount of $28,644; and

   e. All post-judgment interest that accrues on the judgment until it is paid in full.

   **SO ORDERED.**

Signed: April 5, 2022

Robert J. Conrad, Jr.
United States District Judge